IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EVANSTON INSURANCE COMPANY,

Plaintiff,

v.

VIRGINIA SANCHEZ d/b/a
INSURANCE CLAIMS AUDITORS,

Defendant.

CASE NO. 05-1469 (ADC)

## REPORT AND RECOMMENDATION

### INTRODUCTION

Plaintiff Evaston Insurance Company ("Evaston") filed a complaint for declaratory relief under the Federal Declaratory Judgment Act, pursuant to 28 U.S.C. §2201 and Rule 57 Fed. R. Civ. P., and under diversity jurisdiction pursuant to 28 U.S.C. §1332.  Evaston claims that on April 9, 2003, a Complaint was filed against defendant Virginia Sánchez ("Sánchez") and Insurance Claims Auditors in the case of *Miramar Construction Company, Inc. v. American International Insurance Co. of Puerto Rico, Inc., et al.*, Civil No. KAC03-2416, before the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Superior Part ("the underlying litigation").  The Complaint in the underlying litigation contained allegations of acts, errors, omissions and personal injury against defendant Sánchez, which happened prior to the filing of the Complaint on April 9, 2003.

Evaston avers that Sánchez sought coverage for the underlying litigation under two claims made insurance policies, which provided service and technical professional liability

insurance with policy periods of May 14, 2003 to May 14, 2004 and September 20, 2004 to September 20, 2005, and a Retroactive Date of May 14, 2003.  Evaston denied coverage for the claim asserted in the underlying litigation against Sánchez and has requested a declaratory judgment.

Pending before the Court are Evaston's motion for summary judgment, brief in support thereof, statement of material facts, reply to opposition to motion for summary judgment, and opposition to motion to strike (**Docket Nos. 5, 6, 7 and 20**), wherein Evaston contends that the policies do not afford coverage for the underlying litigation because: (1) the claim in the underlying litigation was not first made during the policy periods; (2) the alleged act, error, omission or personal injury alleged in the underlying litigation did not happen subsequent to the retroactive date; and (3) prior to the effective date of the policy the insured had knowledge that the alleged act, error, omission or personal injury occurred or had been committed.

Sánchez filed an opposition, statement of material facts and sur-reply (**Docket Nos. 14, 15 and 21**).

These above matters were referred to this Magistrate Judge for report and recommendation.  (Docket Nos. 34, 35 and 36).

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).   Pagano v.

Frank, 983 F.2d 343, 347 (1st Cir. 1993); Lipsett v. Univ. of P.R., 864 F.2d 881, 894 (1st Cir. 1988); *see* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505 (1986).

In Torres Rosado v. Rotger Sabat, 204 F.Supp. 2d 252 (D. Puerto Rico 2002), the presiding judge clearly indicated that oppositions are required by the district court's local rules and as such deemed that a motion for summary judgment, and the factual assertions supporting it, to be unopposed, because plaintiff had failed to timely file his opposition (*holding* that the district court in Puerto Rico is justified in having one party's uncontested facts to be admitted when the other party fails to file oppositions in compliance with local rules).[1]  The moving party's uncontested facts and other evidentiary facts of record must still show that said  party would be entitled to summary judgment.  Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir. 2003).  As such, when a motion for summary judgment remains unopposed, the district court may grant summary judgment, if appropriate.  Still, a district court may not automatically grant a motion for summary judgment simply because the opposing  party has failed to comply with a local rule requiring a response within a certain number of days.  NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002).  *See* Cosme-Rosado v. Serrano-Rodríguez,  360 F.3d 42, 43 (1st Cir. 2004) (*finding* that failure to comply with Local Rule 311.12 admits the veracity of the movant's version of material facts).

---

[1]  *See, e.g,* Cordero Soto v. Island Finance, 418 F.3d 114 (1st Cir. 2005); United Parcel Serv., Inc. v. Flores-Galarza, 318 F.3d 323, 330 & n. 10 (1st Cir. 2003); Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43 (1st Cir. 2001); Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33-34 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000).

Evanston Insurance Company v. Virginia Sanchez d/b/a Insurance Claims Auditors
Case No. 05-1469 (ADC)
Report and Recommendation
Page 4

Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material if, based on the substantive law at issue, it might affect the outcome of a case. A material issue is "genuine" if there is sufficient evidence to permit a reasonable trier of fact to resolve the issue in the non-moving party's favor. <u>Anderson,</u> 477 U.S. at 248.

## UNCONTESTED FACTS

The Court deems admitted the following material facts which were set forth with supporting documentation by plaintiff Evaston and were not controverted by defendant Sánchez:

1.      Plaintiff Evaston issued a claims made insurance Policy No. MG-818028 providing service and technical professional liability insurance to Insurance Claims Auditors, with a Policy Period of May 14, 2003 to May 14, 2004 and a Retroactive Date of May 14, 2003.  (Docket No. 1, Exhibit A).

2.      Plaintiff Evaston also issued a second or renewal claims made insurance Policy No. MG-821163 providing service and technical professional liability insurance to Insurance Claims Auditors, with a Policy Period of September 20, 2004 to September 20, 2005 and a Retroactive Date of September 20, 2004.   (Docket No. 18, Exhibit 7).  The Retroactive Date of this renewal policy was subsequently amended to May 14, 2003. (Docket No. 14, Exhibit 8).

3.     On April 9, 2003 a Complaint was filed against defendant in the case of *Miramar Construction Company, Inc. v. American International Insurance Co. of Puerto Rico, Inc., et al.*, Civil No. KAC03-2416, before the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Superior Part.  (Docket No. 1, Exhibit B).

4.     The Complaint in the underlying litigation contained allegations of acts, errors, omissions and personal injury against defendant Sánchez, which happened prior to the filing of the Complaint on April 9, 2003.  (Docket No. 1, Exhibit B).

5.     Defendant Sánchez was served with summons in the underlying litigation on April 10, 2003, that is, prior to the policy periods of both of the aforementioned policies issued by plaintiff.  (Docket No. 1, Exhibit D).

6.     Defendant Sánchez was served a summons in the underlying litigation on April 10, 2003, that is, prior to the Retroactive Date of May 14, 2003 of both of the aforementioned policies issued by plaintiff.  (Docket No. 1, Exhibit D).

7.     The Declarations of the policies issued by plaintiff limit the liability for only those claims that are first made against the insured and reported to the insurer during the policy period.  (Docket No. 1, Exhibit A) and(Docket No. 18, Exhibit 7).

8.     The Evaston Insurance Company Policy in this case reads in pertinent part as follows:

THE COVERAGE

1.      Professional Liability and Personal Injury: To pay on behalf of the Insured the amount of Damages and Claim Expenses in excess of the deductible amount stated in the Declarations which the Insured shall become legally obligated to pay resulting from CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD OR THE OPTIONAL EXTENSION PERIOD, IF PURCHASED, AND REPORTED IN ACCORDANCE WITH THE PROVISIONS OF CLAIMS 1., because of any:

(a)      act, error or omission in Professional Services rendered or that should have been rendered, or

(b)      Personal Injury committed, by the insured or by any person for whom the insured is legally responsible and for whose acts, errors or omissions or Personal Injuries the insured is legally responsible, and arising out of the conduct of the Professional Services specified in Item 6. of the Declarations;

PROVIDED ALWAYS THAT:

(a)      such act, error, omission or personal injury happens subsequent to the retroactive date specified in the declarations; and

(b)      prior to the effective date of this policy the insured had no knowledge that such act, error, omission or Personal Injury occurred or had been committed. (Emphasis added.)

(Docket No. 1, Exhibit A) and (Docket No. 18, Exhibit 7).

9.      The policies define the insured as follows:

THE INSURED

Insured means:

(a)      the **Named Insured**, who is defined herein as the **individual**, partnership, or corporation designated in Item 1. of the Declarations;

(b)     **any present or former owner, officer, partner or employee of the Named Insured** or Predecessor Firm as designated in Item 2. of the Declarations solely while acting in their professional capacity on behalf of said firm.

(Docket No. 1, Exhibit A) and (Docket No. 18, Exhibit 7).

10.    Defendant Sánchez is the "Principal" of Insurance Claims Auditors and, as such, she is the insured under the policies issued by plaintiff to her *alter ego* "Insurance Claims Auditors".  (Docket No. 1, Exhibit E and F).

11.    Plaintiff Evaston's policies provide that "(t)wo or more **Claims** arising out of ... a series of related acts, errors or omissions ... shall be treated as a single **Claim**[] [and] [a]ll such **Claims** whenever made, shall be considered first made on the date on which the earliest such **Claim** was first made, ...".  *(See* "4. Multiple Insureds, Claims and Claimants", at page 5 of the "Service and Technical Professional Liability Insurance Policy, Exhibit A to Docket No. 1 Docket No. 18, Exhibit 7).

## LEGAL ANALYSIS

The Evaston Insurance Company Policy in this case reads in pertinent part as follows:

THE COVERAGE

1.    Professional Liability and Personal Injury: To pay on behalf of the Insured the amount of Damages and Claim Expenses in excess of the deductible amount stated in the Declarations which the Insured shall become legally obligated to pay resulting from **CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD** OR THE OPTIONAL EXTENSION PERIOD, IF PURCHASED, AND REPORTED IN ACCORDANCE WITH THE PROVISIONS OF CLAIMS 1., because of any:

Evanston Insurance Company v. Virginia Sanchez d/b/a Insurance Claims Auditors
Case No. 05-1469 (ADC)
Report and Recommendation
Page 8

     (a)    act, error or omission in Professional Services rendered or that should have been rendered, or

     (b)    Personal Injury committed, by the insured or by any person for whom the insured is legally responsible and for whose acts, errors or omissions or Personal Injuries the insured is legally responsible, and arising out of the conduct of the Professional Services specified in Item 6. of the Declarations;

**PROVIDED ALWAYS THAT:**

**(a)    such act, error, omission or personal injury happens subsequent to the retroactive date specified in the declarations; and**

**(b)    prior to the effective date of this policy the insured had no knowledge that such act, error, omission or Personal Injury occurred or had been committed.** (Emphasis added.)

(Docket No. 1, Exhibit A) and (Docket No. 18, Exhibit 7).

Thus, three policy provisions must be met and fulfilled in order for the insurance coverage provided by the policy applicable to this case to be triggered, namely:

1.    The policy insures only "claims first made against the insured during the policy period."

2.    The insured event ("act, error, omission or personal injury") must happen after the retroactive date stated in the policy.

3.    The insured had no knowledge of the insured event prior to the effective date of the policy.

As explained herein below, none of these three policy provisions was met in this case.

Accordingly, the insurance coverage in this case was not triggered and there is no liability

insurance coverage available to the insured.  We explain.

## A.    The Claim in the Underlying Litigation was not First Made during the Policy Periods.

The policies issued by plaintiff only afford coverage on a claims made basis for claims

first made against the insured during the policy periods.  To that end, the policies provide as

follows:

THE COVERAGE

1.    Professional Liability and Personal Injury: To pay on behalf of the Insured
the amount of Damages and Claim Expenses in excess of the deductible amount
stated in the Declarations which the Insured shall become legally obligated to pay
resulting from **CLAIMS FIRST MADE AGAINST THE INSURED DURING
THE POLICY PERIOD** . . .

*See* (Docket No. 1, Exhibit A) and (Docket No. 18, Exhibit 7).

The policies define "Claim" as follows:

Claim means a written demand received by the insured for compensation for
Damages, including the service of suit  or institution of arbitration proceedings
against the insured.

(Docket No. 1, Exhibit A) and (Docket No. 18, Exhibit 7).

Based on the undisputed evidence before the Court, the claim on the underlying

litigation was first made against the insured on April 10, 2003 when defendant Sánchez was

served with summons in the underlying litigation.  Inasmuch as the claim in the underlying

litigation was first made against defendant Sánchez on April 10, 2003, there is no coverage

under the policies issued by plaintiff because the claim was **not** first made against the insured during the policy periods of May 14, 2003 to May 14, 2004 or September 20, 2004 to September 20, 2005.

Accordingly, the first criteria above quoted to activate coverage has not been met.

**B.     The Act, Error, Omission or Personal Injury Did Not Happen Subsequent to the Retroactive Date.**

The insuring agreement under the Evaston Insurance Company Policy states the insured event, in pertinent part, to be as follows:  "act, error or omission in Professional Services . . . or Personal Injury . . . arising out of the conduct of the Professional Services . . ."  (Docket No. 1, Exhibit A).

Next, the policy states as follows: PROVIDED ALWAYS THAT: (a) such act, error, omission or personal injury happen subsequent to the retroactive date specified in the declarations . . . (Docket No, 1, Exhibit A).

The policies have a Retroactive Date of May 14, 2003 and only afford coverage for an "act, error, omission or Personal Injury [that] happens subsequent to the Retroactive Date specified in the Declarations".  (Docket No. 1, Exhibit A) and (Docket No. 18, Exhibit 7).

Pursuant to the allegations in the underlying litigation, the alleged acts, errors, omissions or personal injury committed by defendant Sánchez happened prior to the filing of the complaint in the underlying litigation on April 9, 2003.  As such, the insured event happened before and not subsequent to the retroactive date specified in the Declarations.  On April 10,

Evanston Insurance Company v. Virginia Sanchez d/b/a Insurance Claims Auditors
Case No. 05-1469 (ADC)
Report and Recommendation
Page 11

2003, the insured was served a Complaint which had been filed on April 9, 2003.  The Complaint alleges acts, errors, omissions and personal injury against the insured which happened before April 9, 2003 and not subsequent to the May 14, 2003 Retroactive Date specified in the Declarations.

However, even assuming *arguendo* that there were a series of continuous acts, errors, omissions or Personal Injury after the retroactive date specified in the policy, as defendant Sánchez contends, the Policy expressly provides that "... a series of related acts, errors or omissions ... shall be treated as a single **Claim**[] [and] [a]ll such **Claims** whenever made, shall be considered first made on the date on which the earliest such **Claim** was first made, ..." (Docket No. 1, Exhibit A) and (Docket No. 18, Exhibit 7).

Inasmuch as the acts, errors, omissions or personal injury alleged to have been committed by the defendant in the underlying litigation did **not** happen subsequent to the Retroactive Date of May 14, 2003, and that any claim for continuous acts, errors, omissions or personal injury that may have been committed by the defendant shall be treated as a single claim and shall be considered to have been first made on the date of the first claim, that is, April 10, 2003, the second criteria above quoted to activate coverage has not been met. second prong has not been met.

**C.    The Insured had Knowledge of the Alleged Acts, Errors, Omissions or Personal Injury Prior to the Effective Dates of the Policies.**

To address this point, we first need to determine who is the "Insured" within the meaning of the Policies.  Defendant Sánchez contends the "Insured" under the Policy is Insurance Claims Auditors and not herself.

The policies define the insured as follows:

THE INSURED

Insured means:

> (a)    the **Named Insured**, who is defined herein as the **individual**, partnership, or corporation designated in Item 1. of the Declarations;

> (b)    **any present or former owner, officer, partner or employee of the Named Insured** or Predecessor Firm as designated in Item 2. of the Declarations solely while acting in their professional capacity on behalf of said firm.

(Docket No. 1, Exhibit A) and (Docket No. 18, Exhibit 7).

Pursuant to the express language of the policies, the Insured under the Policy is the named insured, Insurance Claims Auditors, as well as any present or former owner, officer, partner or employee of the Named Insured, to wit, defendant Sánchez.  (Docket No. 1, Exhibit A) and (Docket No. 18, Exhibit 7).  Evidence of this is the fact that defendant Sánchez' two signed applications for insurance identify Insurance Claims Auditors as an individual and she herself as its "Principal"; that is, on her own admission, they are one and the same person. (Docket No. 1, Exhibit E and F).  Furthermore, defendant Sánchez admitted in the MEMO

attached to the renewal application for insurance [in which she identified the named insured as an "individual" and signed as "Principal"] that the "proposed insured" is a defendant in the underlying litigation, as follows:

> **Proposed insured is defendant to a lawsuit initiated by Miramar Construction Co., Inc.** ("Miramar") against American International Insurance Company of Puerto Rico ("AIICO") and other parties by reason of their involvement in the payment and performance bond financing of Miramar by AIICO. In such suit, Miramar has made various allegations, among others, of take-over, control, and fraud against AIICO and the other parties (**including the proposed insured**) involved in such endeavor. **Miramar is claiming damages in excess of $100 million, though proposed insured has been advised by legal counsel that all such claims lack merit and are legally unfounded**. (Emphasis supplied).

(Docket No. 1, Exhibit E).

As evidenced by the return of service of the summons to defendant Sánchez in the underlying litigation, since April 10, 2003 she and, through her, Insurance Claims Auditors were formally served process in the underlying litigation. (Docket No. 1, Exhibit D).

Thus, we now proceed to determine whether the insured had knowledge of the insured event prior to the effective date of the policy.

The Insuring Agreement under the Evaston Policy in question expressly conditions insurance coverage as follows: PROVIDED ALWAYS THAT (b) prior to the effective date of this policy the insured had no knowledge that such act, error, omission or personal injury occurred or had been committed. (Docket No. 1, Exhibit A) and (Docket No. 18, Exhibit 7).

The Complaint in the underlying litigation was served upon the defendant Sánchez on April 10, 2003.  Thus, prior to the effective dates of the policies on May 14, 2003 and September 20, 2004, defendant Sánchez, individually, as a member of her conjugal partnership and as "Principal" of Insurance Claims Auditors, had knowledge of the acts, errors, omissions or personal injury alleged in the underlying litigation.  Therefore, the third criteria above quoted to activate coverage has not been met.

## CONCLUSION

For the aforementioned reasons, there is no liability insurance coverage available to the Insured because Evaston's Policy coverage has not been triggered.  Accordingly, it is recommended that the Motion for Summary Judgment (Docket No. 5) requesting the entry of judgment declaring (a) that Virginia Sánchez d/b/a Insurance Claims Auditors is not entitled to coverage under the policies for the underlying litigation; (b) that Evanston Insurance Company is not obligated to defend Virginia Sánchez d/b/a Insurance Claims Auditors in the underlying litigation; and (c) that Evanston Insurance Company is not obligated to pay any sum on behalf of Virginia Sánchez d/b/a Insurance Claims Auditors in the underlying litigation be **GRANTED.**

**IT IS SO RECOMMENDED.**

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order.  Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st  Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).  See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d

Evanston Insurance Company v. Virginia Sanchez d/b/a Insurance Claims Auditors
Case No. 05-1469 (ADC)
Report and Recommendation
Page 15

985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role

reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial

hearing, and save its knockout punch for the second round").

   In San Juan, Puerto Rico, this 26th day of January  2007.


                              s/ CAMILLE L. VELEZ-RIVE
                              CAMILLE L. VELEZ RIVE
                              UNITED STATES MAGISTRATE JUDGE